PER CURIAM.
We reverse the order denying the appellant’s motion to compel arbitration and grant certiorari as to the order denying a stay of proceedings in this statutory insurance bad faith action, pending arbitration scheduled between the parties in California. The insurance policy in question provided for arbitration of disputes or differences of opinion “arising with respect to interpretation of this Policy or in the event of disagreement as to whether or not a particular settlement should be made....”. The issues raised in the statutory and common law bad faith claims are inextricably intertwined with arbitrable issues. See A.G. Edwards & Sons, Inc. v. Bing, 446 So.2d 134 (Fla. 4th DCA 1983). There exists in law a presumption of arbi-trability when a contract contains an arbitration provision, and “ ‘[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.’ ” AT & T Techs., Inc. v. Commc’ns Workers of Am., 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 1352-53, 4 L.Ed.2d 1409 (I960)). The pending California arbitration proceeding will determine those issues which underlie the bad faith actions alleged in this case. The trial court should have granted the motion to compel arbitration of the underlying issues and stayed the present case until those issues are decided in the California arbitration.

Reversed as to the order to compel arbitration; petition for writ of certiorari granted.

WARNER, CIKLIN, JJ., and BLANC, PETER, Associate Judge, concur.